THE A. & N. R. R. COMPANY, PLAINTIFF IN ERROR, V. MAURICE E. JONES, DEFENDANT IN ERROR.

1. **Verdict.** Where there is a substantial support to the verdict by the evidence the finding of the jury will not be disturbed.

2. **Practice:** INSTRUCTIONS TO JURY. It is not error to refuse an instruction, although containing a correct proposition of law, applicable to the case, which has the effect to withdraw material testimony from the consideration of the jury.

ERROR to the district court of Lancaster county.

The action there was brought by Jones against the A. & N. R. R. to recover $327 and interest from the first day of December, 1876, for medical services rendered one Nelson Russell, who was injured on the railroad track by the cars owned and operated by defendant company. Upon a trial had before POUND, J., and a jury, a verdict was rendered in favor of Jones for $128.25, upon which judgment was entered, motion for a new trial being overruled.

The following instructions to the jury, requested on behalf of the defendant below, were refused by the court:

1. Although the defendant did undertake and as-

NOTE.—Verdict will not be set aside on the ground that it is against the weight of evidence, unless it is clearly so, nor where there is a mere difference of opinion between the court or jury, nor where, in the opinion of the court, there is a preponderance against it. *Brown v. Hurst*, 3 Neb., 353. *A. & N. R. R. v. Washburn*, 5 Id., 117. *Young v. Hibbs*, Id., 433. *Kittle v. De Lamater*, 4 Id., 427. *Storms v. Eaton*, 5 Id., 453. See also, *McCune v. Thomas*, 6 Neb., 488. *Hall v. Vanier*, Id., 85. The rule has no application where there is an entire failure of proof. *Lea v. McLennan*, 7 Neb., 143. If there be any testimony before the jury by which a finding in favor of the party on whom rests the burden of proof can be upheld, the court should not direct a verdict against him. *Grant v. Cropsey*, 8 Neb., 205—REP.

sume to obtain the necessary medical and surgical attendance upon Russell during his illness, caused by the injuries he received on defendant's railroad track, yet this fact alone would not preclude Russell or any one interested in his behalf from employing a physician to attend upon him other than the physician employed by the defendant; and the mere fact that the agent of the defendant—who was authorized to employ medical and surgical aid for Russell on behalf of the defendant—was present at the sick room of Russell and knew of professional services being rendered to Russell by the plaintiff, is no evidence to show that plaintiff was employed at the instance and request of the defendant to render the service he claims to have rendered.

2.   The stipulation signed by the parties in this case, and produced in evidence on the trial, is not evidence tending to show that the plaintiff was employed at the instance and request of the defendant to render the service he did render to Russell; and in determining whether or not the plaintiff rendered the services at the instance and request of the defendant, which he claims to have rendered, the jury should exclude this stipulation from their consideration.

3.   There is no evidence in this case to show that the plaintiff was ever employed at the instance and request of the defendant to render the services he claims to have rendered to Russell, and the verdict of the jury should therefore be for the defendant.

*Galey & Abbott*, for plaintiff in error.

1.   To take this case out of the statute of frauds, it must be clearly shown that Jones was employed at the *special instance* and *request* of the company.   It is not sufficient to show that he appeared and attended said Russell as an interloper, and then seek to charge the

railroad company because he was not expressly prohibited from offering and giving his services to said Russell.

2. It is extremely presumptuous and against all reason and analogy to say that because the plaintiff in error voluntarily undertook to employ medical aid for said Russell, and did so, it would be bound for the services of one whom they never employed or requested to attend. It would be without reason and contrary to law and justice. Were that the law, there would be no limit to such liability. If one interloper was allowed to bind a third party, where would be the protection?

3. It is error, under the facts in this case, to instruct the jury that a contract to pay for services rendered a third person can be made by implication. To bind the company herein it must be clearly shown that the plaintiff below not only was *employed* at the special instance and request of the company, but that he rendered such services on the faith of such employment.

4. The verdict is excessive. Witnesses say services were not worth more than thirty-five dollars.

*J. R. Webster* and *Burr & Stein,* for defendant in in error.

1. This stipulation, as defendant in error contends, left but two questions to be determined, viz.: The necessity, and the reasonable compensation for the service rendered. Of the necessity for the service rendered, the testimony of C. C. Radmore and Jones, the attending physicians, and the serious nature of the injuries, were evidence that made the necessity a question of fact to be determined by the jury. The railroad company also recognized the necessity, and sent one Dr. Robbins to assist Radmore, but Jones was al-

ready in service, and the company acquiesced.    Galey, the agent, being informed, said, "All right."

2.    Though the evidence be conflicting, the verdict of the jury will not be disturbed when there is any evidence to sustain the verdict.    *Cook v. Powell*, 7 Neb., 285.    *Lea v. McLennan*, Id., 146.    *McCann v. McDonald*, Id., 306.

3.    A party is liable for service rendered' with his assent and acquiescence, though no benefit accrues to him.    *Hind v. Holdship*, 2 Watts, 104.

LAKE, J.

That the defendant in error performed the service for which he sued, and that it was worth at least the amount found by the jury, were abundantly proven, although, as to the latter fact, there was some conflict in the evidence.

. The stipulation of facts entered into by the parties brought the disputed questions within a very narrow compass.    It was in these words: "That the defendant, after the injury of said Russell, undertook and assumed the expense of obtaining for him all necessary medical attendance.    That the plaintiff rendered professional service to said Russell, with the knowledge and acquiescence of S. B. Galey, its agent, authorized to employ medical assistance to Russell, and who knew that service was so rendered by plaintiff."

Thus it was established, indisputably—*First*, That immediately after Russell's injury the plaintiff in error *"undertook and assumed"* all the necessary medical aid that his case might require.    *Second*, That the defendant in error rendered such service to Russell "with the knowledge and acquiescence" of the agent of the railroad company having the matter in charge.    After this, to warrant a recovery there only remained to be

proven the reasonableness of the service bestowed, and its value.

That the service was necessary, under the circumstances, we think was clearly established, not only by the "*acquiescence*" of the agent of the company, but also by abundant oral testimony, especially that of Dr. Radmore, the physician chiefly intrusted with the management of the case by the company, who swore that he requested Dr. Jones to assist him, and that he considered his service "necessary in consequence of the responsibility attached to the case." Also, that Mr. Galey, the agent of the company, told him "to have everything done that could be for the patient," and to "use every effort that could be made to restore him."

Without taking time to refer to other corroborative testimony found in the record, we will merely add, upon this branch of the case, that there is ample evidence to support the verdict, and the district court was clearly right in so holding. Where there is a substantial support to the verdict by the evidence it will be upheld.

It is also assigned for error that the district court refused to give three several instructions asked for by the plaintiff in error. By the first of these instructions, so refused, the court was requested to instruct the jury that the fact that "the agent of the defendant, who was authorized to employ medical and surgical aid for Russell on behalf of the defendant, was present at the sick room of Russell, and knew of professional services being rendered to Russell by the plaintiff, is no evidence to show that the plaintiff was employed at the instance and request of the defendant to render the service he claims to have rendered." Such being a part of the instruction requested, we think the whole was rightly refused, although the residue expressed a correct legal proposition applicable to the evidence.

While the testimony referred to in the above quotation did not of itself prove a direct employment, it was strongly corroborative of other evidence in the case which did tend to prove that there was an understanding between the parties that the service was necessary and that the company would pay for it. To have said, therefore, that the circumstance referred to *"was no evidence"* would have withdrawn from the jury valuable testimony, to which the defendant in error was fairly entitled. The other two instructions refused, although couched in different language, were of precisely the same import, and were properly rejected.

None of the errors complained of were well taken, and the judgment is affirmed.

JUDGMENT AFFIRMED.